UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                          Case Number: 17-cr-20110

v.

                                          Honorable Thomas L. Ludington

DEREK LOUIS D'ARTAGNAN,

        Defendant.

_____/

**ORDER GRANTING MOTION FOR SUBPOENAS FOR MEDICAL RECORDS, ORDERING PRODUCTION OF MEDICAL RECORDS FOR IN CAMERA REVIEW, AND HOLDING MOTION FOR BOND IN ABEYANCE**

On February 22, 2017 an indictment was issued charging Defendant Derek Louis D'Artagnan with one count of abusive sexual contact with a minor, V.D., in violation of 18 U.S.C. §§ 2244(a)(5), 1151, and 1153, and one count of assault with intent to commit aggravated sexual abuse and sexual abuse in violation of §§ 113(a)(1), 1151 and 1153. *See* ECF No. 1. The indictment alleged that the incident underlying the charges occurred "[i]n or around October 2013 to March 2014." On June 14, 2017 a superseding indictment was issued changing the date range to "[i]n or around October 2012 to May 2013." *See* ECF No. 31.

Defendant D'Artagnan's detention hearing was held on March 7, 2017 before Magistrate Judge Patricia T. Morris, after which the magistrate judge issued an order of detention pending trial. *See* ECF No. 10. The magistrate judge determined that detention was necessary because D'Artagnan was charged with a crime involving a minor victim. *Id*.

On March 27, 2017 Defendant D'Artagnan filed a motion for review of the detention order. *See* ECF No. 16. That motion was subsequently withdrawn. *See* ECF No. 22. D'Artagnan

then filed a renewed motion for bond on June 8, 2017. *See* ECF No. 27. On that date D'Artagnan also filed a motion for the issuance of subpoenas regarding V.D.'s medical records from named hospitals and treatment centers. *See* ECF No. 28. Defendant specifically requests that the relevant records be produced to the Court for in camera review.

**I.**

In determining whether discovery into privileged medical records is proper, courts must consider the privacy interest of a patient in the confidentiality of her medical records and the societal interest in encouraging the free flow of information between patient and psychotherapist. However, those interests are not absolute and, in the context of criminal matters, must "yield to the paramount right of the defense to cross-examine effectively the witness in a criminal case." *United States v. Society of Independent Gasoline Marketers of America*, 624 F.2d 461, 469 (4th Cir. 1979) (holding that the district court committed reversible error in denying the defendant access to a witness's hospital records for use in cross examination). A desire to spare a witness embarrassment which disclosure of medical records might entail is insufficient justification for withholding such records from criminal defendants on trial for their liberty. *See Society of Independent Gasoline Marketers,* 624 F.2d at 469, *Batey v. Haas*, No. 2013 WL 1810762, at *10 (E.D. Mich. Apr. 30, 2013).

Courts have routinely found that certain forms of mental disorder have high probative value on the issue of credibility. *United States v. Lindstrom*, 698 F.2d 1154, 1160 (11th Cir. 1983) (finding reversible error where the district court denied defendant access to a witness's psychiatric materials where the witness was suffering from ongoing mental illness for which she had been confined, and which could seriously affect her ability to know, comprehend, and relate to the truth). "While mental illness can indeed be relevant to a witness's credibility, courts hold

that the decision of whether or not to allow in evidence of a witness's mental illness falls within the broad discretion of trial courts as they balance possible prejudice versus probative value." *Boggs v. Collins*, 226 F.3d 728, 742 (6th Cir. 2000) (quotations and citations omitted). Factors a court should consider in allowing evidence of witness's mental illness are the nature of the psychological problem, the temporal recency or remoteness of the condition, and whether the witness suffered from the condition at the time of the events to which she is to testify. *Id*.

The Government notes that because it is not currently in possession of V.D.'s medical records, those documents would require a subpoena request pursuant to Federal Rule of Criminal Procedure 17(c). While Rule 16 only imposes an obligation on the government to turn over documents and objects, Rule 17(c) sweeps more broadly by allowing a defendant to request them from the government or third parties. *Bowman Dairy v. United States*, 341 U.S. 214, 219 (1951). Under that rule, "a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order." Fed. R. Crim. P. 17(c)(3). The defendant need not seek discovery materials from the government prior to requesting a subpoena under Rule 17 "[b]ecause the government does not possess or control all of the materials potentially relevant to a defendant's case, [] is not obligated to acquire materials possessed or controlled by others, [and] the criminal-procedure rules do not make the government the gatekeeper to evidence it may not have." *United States v. Llanez-Garcia*, 735 F.3d 483, 494 (6th Cir. 2013).

To contain the danger that criminal defendants might misuse Rule 17(c) to expand the scope of discovery, the Court in *United States v. Nixon* held that a defendant could subpoena materials using a Rule 17(c) subpoena only if four conditions are met. 418 U.S. 683, 699 (1974). "First, the items must be evidentiary and relevant. Second, the items may not be otherwise

procurable through due diligence prior to trial. Third, the requesting party must be unable to properly prepare for trial without such pre-trial production and inspection. And, finally, the application must be made in good faith and not amount to a 'fishing expedition.'" *Llanez-Garcia*, 735 F.3d at 494 (citing *Nixon*, 418 U.S. at 699).

As explained on the record at the hearing, Defendant has met these requirements with regard to V.D.'s medical records for the purpose of in camera review. While it is currently unclear whether V.D.'s medical records would be admissible or relevant to her character for truthfulness or untruthfulness under Rule 608(b) or necessary to fairly determine guilt or innocence under Rule 609(d), the records are not otherwise available to Defendant. Given the importance of the victim's testimony in this matter, her credibility may be determinative of innocence or guilt. Therefore, depending upon the content of the records they may be necessary for Defendant to properly prepare for trial. Finally, because Defendant has identified specific medical providers and specific incidents and conditions giving rise to his request, the motion is not a mere fishing expedition.

For these reasons, a subpoena will be issued for V.D.'s medical records, and the records will be reviewed by the Court in camera. Only that evidence which is material to the victim's credibility such that its probative value outweighs the privileged status of those records will be produced to Defendant. If no such evidence exists, then Defendant will not be allowed to discover V.D.'s medical records, and his rights under the Confrontation Clause will be satisfied by allowing him broad latitude to cross-examine the witness at trial. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 52-53 (1987).

**II.**

Defendant has also filed a renewed motion for bond. *See* ECF No. 27. As explained on the record and reflected in the minute entry, the hearing on that motion will be adjourned to **September 11, 2017 at 2:00 PM.**

### III.

Accordingly, it is **ORDERED** that Defendant's motion for subpoenas, ECF No. 28, is **GRANTED.**

It is further **ORDERED** that a subpoena requiring the production of V.D.'s medical records is **AUTHORIZED.** The documents will be produced to the Court for **IN CAMERA REVIEW.**

It is further **ORDERED** that Defendant D'Artagnan is directed to **PREPARE AND SUBMIT** a proposed subpoena through the **CM/ECF Proposed Order Function,** under the Utilities menu. The subpoena should explain where and how the recipient should submit the relevant records, i.e. inform the recipient that the records should be furnished in person or through certified mail, in a package marked **confidential**, to the United States Federal Court located at **1000 Washington Avenue, Room 214; Bay City, MI 48708.**

Dated: August 1, 2017

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 1, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager